**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDWARD D. FAGAN D/B/A ) <br> VICTIMS OF SWISS BANK DESTRUCTION ) <br> OF RECORDS, and others similarly situated ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Civil Action No: 12-1003 (RBW) <br> ) <br> UNION BANK OF SWITZERLAND AG, et al., ) <br> ) <br> Defendant. ) | |

**ORDER**

On July 19, 2012, the Clerk of the Court entered a notice of default with respect to defendants Union Bank of Switzerland AG and Credit Suisse AG. On August 3, 2012, Union Bank and Credit Suisse moved to vacate the entry of default. The defendants also requested a status conference before the Court prior to filing an answer to the plaintiff's Complaint in order to address whether the plaintiff is permitted to proceed as a pro se plaintiff in this action. See Joint Mot. of Defs. UBS AG and Credit Suisse AG to Vacate Entries of Default 8–9. The defendants allege that the plaintiff, a disbarred attorney, has brought this suit as a pro se plaintiff but is in actuality representing other individuals in this litigation. Id. at 8. The plaintiff denies these allegations. See Plaintiffs' Sur-Reply 9. The Court has also been informed by the Committee on Grievances of the United States District Court for the District of Columbia that it has received a complaint regarding the propriety of the plaintiff pursuing this matter as a pro se litigant. In light of the allegations that have been made against the plaintiff, the Court finds it

prudent to hold a hearing at this early point in the case in order to determine whether the plaintiff can proceed with this case as a pro se plaintiff.  Accordingly, it is hereby

**ORDERED** that the plaintiff must show cause why his Complaint should not be dismissed because he lacks a cognizable interest in the litigation in order to proceed as a pro se plaintiff and cannot enter an appearance on behalf of other individuals because he has been disbarred from the practice of law.  The hearing before the Court shall be held at a time to be determined by the Clerk.  It is further

**ORDERED** that the defendants may defer filing an answer to the plaintiff's Complaint or a response to the plaintiff's Motion for Evidence Preservation Order and for Limited Production/Publication until after the hearing regarding the plaintiff's status in this case.

**SO ORDERED** this 19th day of September, 2012.

                                                REGGIE B. WALTON
                                                United States District Judge