**Exhibit B**

*Edward D. Fagan d/b/a "Victims of Swiss Bank Destruction of Records"  v. UBS AG*,
No. 1:12-cv-01003-RBW

*Edward D. Fagan v. Credit Suisse AG*,
No. 1:12-cv-01468-RBW

From: Neuborne, Burt [mailto:Neuborne@exchange.law.nyu.edu]
Sent: Mittwoch, 18. April 2012 19:17
To: Delmas, Britta
Cc: Edward_Korman@nyed.uscourts.gov; shari.reig@bingham.com
Subject: RE: Inquiry concerning the Katz / Grunfeld and the Fleischmann / Veber matter

Dear Britta -

   I've received your inquiry concerning my view of the potential viability of a spoliation claim on behalf of members of the Swiss bank class. As the footnote in the Katz memo notes, such a claim "might" exist for a person who is unable to pursue a CRT claim because the records no longer exist. If the Swiss bank settlement had never taken place, such a claim would be a serious one. Since, however, the public was aware of the destruction of bank records as reported by the Volcker study before final approval of the settlement, my opinion is that such a spoliation claim is probably precluded by the settlement. I, of course, have no official standing. Thus, the final decision on the validity of such a claim would be up to the court. That is why I phrased my statement in the footnote in the conditional tense.  My personal opinion is that preclusion should apply. For that reason, I have declined to pursue such a claim as lead settlement counsel. I have also shared that opinion with lawyers who have asked my opinion about the merits of such a claim.

I hope that clarifies my position.

Sincerely,

Burt Neuborne

1